UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HUSTUS S. WILLIAMS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-172

Magistrate Judge Michael J. Newman
(Consent)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS MATTER TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE DOCKET**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 9. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits "("DIB").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 6),[2] and the record as a whole.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

1

# I.

**A.     Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of March 1, 2013.  PageID 650.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease and post-laminectomy syndrome.[3]  PageID 652.

After an initial denial of his application, Plaintiff received a hearing before ALJ Eric Anschuetz on April 13, 2015.  PageID 78-142.  ALJ Anschuetz issued a written decision on May 13, 2015 finding Plaintiff not disabled.  PageID 61-72.  Specifically, ALJ Anschuetz found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 64-72.  Thereafter, the Appeals Council denied Plaintiff's request for review.  PageID 49-51; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff filed a timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).  On January 25, 2017, this Court adopted a joint stipulation to remand and issued an Order remanding the case for further proceedings.  PageID 737-44.

On remand, Plaintiff received a hearing before ALJ Deborah Sanders on June 22, 2018.  PageID 681-721.  ALJ Sanders issued a written decision on August 21, 2018 finding Plaintiff not

---

[3] "Post[-]laminectomy syndrome is back pain, with or without referred or radiating pain, that is located mainly in the lower limbs, is of unknown origin, and persists or begins after surgical procedures are performed to treat lumbar disc herniations." *Mubarac v. Comm'r of Soc. Sec.*, No. 1:17-CV-2557, 2018 WL 6814162, at *6 (N.D. Ohio Nov. 29, 2018), *report and recommendation adopted*, No. 1:17-CV-2557, 2018 WL 6812663 (N.D. Ohio Dec. 27, 2018) (internal quotation omitted).

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id*.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id*. § 404.1567(a).

disabled. PageID 650-63. Specifically, ALJ Sanders found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 653-63. Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Sanders's non-disability finding the final administrative decision of the Commissioner. PageID 634-37; *see Casey*, 987 F.2d at 1233. Plaintiff then filed this timely appeal. *Cook*, 480 F.3d at 435.

### B. Evidence of Record

The evidence of record is adequately summarized in ALJ Sanders's decision (PageID 650-63), Plaintiff's Statement of Errors (PageID 1393-1405), the Commissioner's memorandum in opposition (PageID 1412-28), and Plaintiff's reply (PageID 1429-34). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

    5.      Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that ALJ Sanders (hereinafter, "ALJ") erred in: (1) evaluating the medical source opinions of record, particularly the opinions of treating neurosurgeon Nicolas Grisoni, M.D. and treating physician Raymond Luna, M.D.; and (2) failing to consider whether he was entitled to a closed period of disability from March 1, 2013 through October 17, 2014. Finding error in the ALJ's weighing of the opinion by Dr. Grisoni, the Court does not address Plaintiff's other alleged errors and, instead, directs that those issues (including the evaluation of Dr. Luna's opinions) be addressed by the ALJ on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically

5

acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

Here, Dr. Grisoni provided a detailed opinion regarding Plaintiff's physical limitations on September 10, 2014. PageID 534-47. Specifically, Dr. Grisoni opined Plaintiff could, *inter alia*, never balance, stoop, or crawl; occasionally climb, crouch, and kneel; and never reach, handle, finger, feel, push, or pull. *See id.* As a result of his physical impairments, Dr. Grisoni opined that Plaintiff could possibly perform sedentary work; however, he could only stand and walk for 3 hours, and sit 4 hours, during an 8-hour workday. PageID 534-37.

Despite Dr. Grisoni's lengthy history treating Plaintiff, the ALJ afforded his opinion only "partial weight." PageID 659. In so concluding, the ALJ found: (1) Dr. Grisoni's opinion applied only to a brief and unspecified period following Plaintiff's August 2014 surgery; (2) his opinion was "highly generalized"; (3) the opinion was inconsistent with the fact that Plaintiff was not implanted with a spinal cord simulator; and (4) and the opinion was inconsistent with Plaintiff's activities of daily living (specifically, his church duties). *Id*.

Initially, the Court finds the ALJ erred by failing to: mention the controlling weight test, specifically decline to afford Dr. Grisoni's opinion controlling weight, and analyze the controlling weight factors with regard to his opinion, *i.e.*, whether Dr. Grisoni's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and whether the opinion is consistent "with the other substantial evidence in [the] case record." *LaRiccia*, 549 F. App'x at 384. Such failure constitutes reversible error, *see Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016), because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted).

7

Even assuming, *arguendo*, that the ALJ appropriately conducted the controlling weight test -- which the Court concludes she did not -- the ALJ's reasons for discounting the weight accorded to Dr. Grisoni's opinion are unsupported by substantial evidence.

First, insofar as the ALJ suggests Dr. Grisoni's opinion was limited only to the brief period after Plaintiff's surgery, the Court finds no such temporal limitation in his opinion. The ALJ's speculative statement -- that Dr. Grisoni's should be so limited because Plaintiff's "post-surgical pain [] would have resolved with time," Page ID 659 -- amounts to the ALJ supplanting Dr. Grisoni's expert medical opinion with her own medical judgment. *See Mitsoff v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 693, 701 (S.D. Ohio 2013) (citation omitted) ("While an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his [or her] own lay 'medical' opinion for that of a treating or examining doctor"); *see also Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings").

Next, with regard to the ALJ's criticism of Dr. Grisoni's opinion because Plaintiff did not have a spinal cord stimulator implanted, she failed to explain how the same undermines Dr. Grisoni's opinion regarding Plaintiff's limitations. PageID 659. In the absence of some meaningful explanation, the Court cannot conduct a meaningful review of the ALJ's reasoning in this regard. From the context of the ALJ's decision and questioning at the hearing, the critique in this regard questions the extent of Plaintiff's limitations based on his apparent failure to get an implant. Insofar as the ALJ's critique is based on Plaintiff's failure to follow treatment recommendations, it is error because the ALJ failed to determine whether Plaintiff had good reasons for not pursuing such treatment. Soc. Sec. Ruling 16-3p, 2017 WL 5180304 at *9 (Oct. 25, 2017) ("[The Commissioner] will not find an individual's symptoms inconsistent with the

8

evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment" and the ALJ "may need to[,] … at an administrative proceeding, ask why he or she has not complied with or sought treatment"). In contrast with this Social Security Ruling, the ALJ's inquiry at the hearing was limited to asking whether Plaintiff recalled such treatment being suggested. PageID 698. Reversal is thus mandated. *See Appel v. Comm'r of Soc. Sec.*, No. 3:14-CV-68, 2015 WL 4540368, at *2 (S.D. Ohio Feb. 24, 2015) ("[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right").

Further, insofar as the ALJ's asserts that Plaintiff's supposed ability to tolerate pain allowed him to attend to church duties (*i.e.*, teaching Bible study), it is unclear to the Court what relevance such fact has to discrediting Dr. Grisoni's opinion. In fact, Plaintiff testified at the administrative hearing that he had to reduce his church duties as a result of his physical limitations and resulting pain. PageID 696-97. Again, without some meaningful explanation in this regard, the Court finds the ALJ's analysis unsupported by substantial evidence.

Finally, contrary to the ALJ's criticism, the Court finds that Dr. Grisoni's lengthy detailed opinion provides specific functional limitations caused by Plaintiff's physical impairments. Thus, the ALJ's rejection of the same -- based on two supposedly general notes contained in his opinion, *see* PageID 531, 534-47 -- is unsupported by substantial evidence. *See Daniel v. Comm'r of Soc. Sec.*, No. 3:14–cv–51, 2015 WL 4550406, at *4 (S.D. Ohio Mar. 6, 2015) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position").

In light of all the foregoing, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons: (1) the ALJ's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  May 28, 2020                                         /s/Michael J. Newman
                                                            Michael J. Newman
                                                            United States Magistrate Judge